IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DENT, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>NICK NALLY, LT. MINOR, C/O MILLER, )<br>NANCY TAYLOR, W. BRADOCK, LT. )<br>DAVIS, MAJOR FOLSON, SHANE )<br>MARCANTEL, and JASON GARNETT, )<br>)<br>        Defendants. ) | Case No. 3:16-cv-442-JPG-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel (Doc. 5), the Motion for Preliminary Injunction (Doc. 11), and the Motions for Copy (Docs. 12 and 14).

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may

consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff states that he cannot seek out counsel himself because his mail is being intercepted and interfered with by prison officials. Plaintiff further states that while he has some high school education, he cannot write well. Finally, he notes that he has been appointed counsel in another matter filed in this District, *Dent v. McBride*, 3:15-cv-740-NJR-DGW. Notwithstanding Plaintiff's representations, his writing is coherent and legible and he appears to have a good grasp of his claims and the persons involved. In particular, Plaintiff's request for injunctive relief is supported by case authority and argument, showing that Plaintiff has the ability to conduct legal research and present his claims to the Court. While Plaintiff represents that his mail is being interfered with, he has not provided any copies of any letters that he has mailed that have not reached their destination. At this preliminary stage of litigation, counsel will not be appointed. However, the Court may reconsider if Plaintiff has difficulty with discovery or other aspects of litigation. Plaintiff's request for counsel is **DENIED WITHOUT PREJUDICE**.

Plaintiff's request for preliminary injunctive relief is **TAKEN UNDER ADVISEMENT**. The Court will set a hearing once Defendants have entered an appearance.

Plaintiff states that all of his copies of documents filed in this case have been confiscated by prison officials and that when he received his personal property upon a facility transfer, copies of his documents were taken from him. As a one-time courtesy, the Clerk of Court is **DIRECTED** to send to Plaintiff along with this Order, a copy of Plaintiff's Complaint and a copy

of the docket sheet. Any future requests for copies shall be accompanied by the copying fee, which is $0.50 per page. Plaintiff's Motion for Copies are accordingly **GRANTED**.

**IT IS SO ORDERED.**

**DATED: June 3, 2016**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**