IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-442-NJR-DGW |
| | ) |
| NICK NALLY, DENISE MINOR, | ) |
| JEREMY MILLER, NANCY TAYLOR, | ) |
| WINNIE BRADDOCK, GEORGE | ) |
| DAVIS, DAVID FOLSON, SHANE | ) |
| MARCANTEL, and JASON GARNETT, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On May 10, 2016, Plaintiff Charles Dent filed a motion for preliminary injunction while he was an inmate housed at the Big Muddy River Correctional Center (Doc. 11). A week later, an Order was entered pursuant to 28 U.S.C. § 1915A setting forth Dent's claim: a single count of retaliation against each Defendant related to Dent's grievances and attempts to expose corruption within the internal affairs division at the Big Muddy River Correctional Center (Doc. 15).

## BACKGROUND

In his motion for preliminary injunction, Dent states that he is fearful of his cellmate, a threatening and highly aggressive man who believes that "homosexuals should be burned alive or executed" (Dent is low aggression and a homosexual). Dent also claims that his legal papers for this case were confiscated by "C/O Lasater" (who is

not a Defendant in the lawsuit) and given to Defendant Minor on May 6, 2016. He goes on to indicate that he has been "receiving death threats" and that he has been constantly retaliated against. The alleged retaliation has occurred by way of Dent's mail being stolen by Defendants Nally and Minor, being placed in a cell with a high-aggression inmate, being falsely accused of sexual harassment, the confiscation of his legal papers, false disciplinary reports, and being fired from his job. For relief, Dent seeks a copy of the documents filed in this case and "some form of relief" to stop the retaliatory conduct.

On the same day that he filed his motion, Dent was transferred to the Shawnee Correctional Center (Docs. 13, 34). In response to the motion, Defendants note his transfer and argue that the motion is now moot and should be denied (Doc. 27). In reply, Dent essentially indicates that word of his activities at Big Muddy River was relayed to officials at Shawnee who picked up on the retaliatory conduct. Dent believes that Investigator Bradley (who also is not a Defendant in this lawsuit) "leaked information" that should have been confidential to Shawnee personnel about Dent's "snitching" on Defendant Nally and others. As a result, Dent was denied movement for three weeks, he was given a higher security threat level, and he was subjected to "constant harassment." Dent requests a transfer to a jail in the Northern District of Illinois, outside of the scope of influence of Investigator Bradley.

## ANALYSIS

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay

Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

    1. a reasonable likelihood of success on the merits;
    2. no adequate remedy at law; and
    3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Dent's transfer to Shawnee necessarily moots his request for injunctive relief that was related to events at Big Muddy River. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (per curiam) (quoting *Moore v. Thieret*, 862 F.2d 148, 140 (7th Cir. 1988)). In his motion, Dent only claims that persons at Big Muddy River were subjecting him to death threats and retaliation. There is no indication or showing that Dent will be transferred back to Big Muddy River in the foreseeable future such that he is entitled to preliminary injunctive relief on the grounds set forth in his motion.[1]

In his reply brief, Dent claims that a non-party (Investigator Bradley) conveyed information to Shawnee officials that resulted in further acts of retaliation. Dent offers no details on who is now making prison life more difficult nor does he provide any detail on how he is being harassed. There are a number of reasons why this additional information would not entitle Dent to injunctive relief.

First, while an injunction entered pursuant to Rule 65 could bind persons who are in "active concert" with a party, Dent has not made such a claim—he only alleges that non-parties in a different prison are causing the retaliatory conduct at the behest of another non-party (Investigator Bradley). There is no showing that any of the Defendants have any control or agency over persons employed at Shawnee or that they are directing the retaliatory conduct at Shawnee.

Second, Dent has not set forth what irreparable harm would ensue if an injunction

---

[1] Dent also requests copies of documents filed in this Court (because they were confiscated) and later indicates that some papers have been returned. If Dent still requires copies, he should file a separate motion.

was not entered. Dent has provided no details about who is harassing him or in what manner he feels threatened. The detailed events that Dent does outline, the lack of a call pass for three weeks and his increased security level, do not inform the Court that he suffered any irreparable harm as a result or that he will suffer any harm in the future. A detailed analysis of the balance of harms is not necessary, because Dent has not met his initial burden.

Finally, the presentation of these claims in a reply brief deprived Defendants of the opportunity to respond. *See* Local Rule 7.1(c) ("Under no circumstances will sur-reply briefs be accepted"). For these reasons, Dent is not entitled to injunctive relief on the claims made in his reply brief.

## CONCLUSION

For the reasons set forth above, the Motion for Preliminary Injunction filed by Plaintiff Charles Dent (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   December 30, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**