IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-442-NJR-DGW |
| ) | |
| NICK NALLY, DENISE MINOR, JEREMY ) | |
| MILLER, NANCY TAYLOR, WINNIE ) | |
| BRADDOCK, GEORGE DAVIS, DAVID ) | |
| FLOSOM, SHANE MARCANTEL, and ) | |
| JASON GARNETT, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Recruitment of Counsel filed by Defendant Shane Marcantel on April 26, 2017 (Doc. 60). The Motion is **DENIED WITHOUT PREJUDICE**.

BACKGROUND

In an Order dated May 17, 2016, Plaintiff (an inmate) was permitted to proceed on one count that Defendants conspired to and did retaliate against him for attempting to reveal corrupt internal affairs practices (Doc. 15).[1] Each of Defendants, except for Shane Marcantel, are employees of the Illinois Department of Corrections. Marcantel is a fellow inmate who allegedly conspired with Defendants. Defendants (except for Marcantel) filed their answer on September 15, 2016 (Doc. 26). To date, Marcantel has not filed an answer. As such, Plaintiff sought default (Doc. 33) and default judgment (Doc. 38) against Marcantel. Those requests were denied on July 17, 2017 (Doc. 80) because, in part, Marcantel has not simply ignored this lawsuit. Rather,

---
[1] To the extent that this Court indicated that Plaintiff was also proceeding on an intentional infliction of emotional distress claim, that observation was in error (Doc. 75).

Marcantel filed the present motion seeking counsel. In his motion, Marcantel states that he has no knowledge or ability to defend this action and that the Illinois Attorney General (who represents the other Defendants) cannot represent him.

## STANDARD

A *pro se* party has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether the party has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the [party] appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the person's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether the party has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

## DISCUSSION

There is no indication in the motion that Marcantel has sought out representation from any person other than the Illinois Attorney General (who cannot represent him). Because Marcantel

has not met the threshold burden, of showing that he has attempted to acquire counsel on his own, this motion must be **DENIED WITHOUT PREJUDICE**. Defendant also has not provided any detail about why counsel should be recruited in this matter to assist him. The Clerk of Court is **DIRECTED** to send to Marcantel the form "Motion for Recruitment of Counsel" which he shall fill out and may submit for consideration after he has made an attempt to contact at least three attorneys regarding representation in this matter.

Defendant Marcantel is further **ORDERED** to file a responsive pleading to the Complaint (Doc. 1) by **November 6, 2017**. Defendant is **DIRECTED** to Federal Rules of Civil Procedure 8 and 12 and should review the Answer filed by the other Defendants. The Clerk of Court is **DIRECTED** to send to Defendant Marcantel a copy of the Court's screening Order (Doc. 15) and Defendants' answer (Doc. 26) along with a copy of this Order.

**DATED: October 3, 2017**

                  *Donald Wilkerson*

                 **DONALD G. WILKERSON**
                 **United States Magistrate Judge**